# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | | |
|---|---|---|
| Matthew A. Craig, | : | Case No. 1:07CV0481 |
| Plaintiff | : | Judge Donald C. Nugent |
| v. | : | Magistrate Judge David S. Perelman |
| Susan M. Brigadier, et al., | : | **REPORT AND RECOMMENDED DECISION** |
| Defendants | : | |

The bankruptcy proceeding which underlies this action was instituted by David L. and Susan M. Brigadier (husband and wife) on October 16, 2005.

On March 17, 2006 Matthew A. Craig instituted an adversary proceeding by the filing of a pro se complaint "to determine or otherwise object to the dischargeability of a debt." Therein he alleged that tort claims asserted against Mr. and Mrs. Brigadier in an action then pending in this court. Matthew A. Craig v. John Brigadier, et al., Case no. 1:04CV1741, assigned to Judge Aldrich, were non-dischargeable pursuant to 11 U.S.C. §523(a)(6) as debts arising from wilful and malicious conduct.

All of the conduct in question related to Mr. Craig's discharge from employment in July 2004 by the Riser foods Company at a Giant Eagle supermarket, where the Brigadier's minor son, John Brigadier, was also employed.

On May 23, 2006 the Brigadiers, through counsel, Mr. Harvey S. Morrison filed, a motion

for summary judgment in the adversary proceeding. On June 20, 2006 Mr. Craig filed a pro se opposition to that motion.

Shortly thereafter Mr. Morrison moved for leave to withdraw as counsel for the Brigadiers, which motion was granted on September 15, 2006.

On February 13, 2007 Bankruptcy Judge Morgenstern-Clarren entered a sua sponte order transferring the adversary proceeding to this court. The basis of that order was her determination that the bankruptcy court lacked jurisdiction over the adversary proceeding because "it is unclear whether the disputed debt between these particular parties [Mr. Craig and the Brigadiers] constituted a 'personal injury tort' which had been determined by the district court" in the action before Judge Aldrich.

This leads to consideration of the action before Judge Aldrich instituted pro se by Mr. Craig against five named defendants, being Mr. and Mrs. Brigadier, their son John, Riser Foods, and another individual employed at the Giant Eagle store where he had been employed.[1]

In his complaint Mr. Craig alleged in 2004 he was promoted to a managerial position at that Giant Eagle store, from which he was demoted on June 25, 2004 and terminated on July 1, 2004. The first count of the complaint was directed against John Brigadier, and alleged that he had been slandered by John Brigadier making false statements that he had committed acts of sexual harassment against Mr. Brigadier. The second and third counts of the complaint were directed against Sue [sic] Brigadier and David Brigadier, asserting claims of libel and slander, alleging that they had repeated, both in writing and orally, the defamatory remarks made by their son to other employees of Giant Eagle. The fourth, fifth and sixth counts were all directed against Ms. Jacquelyn

---

[1] In the original complaint the Brigadiers were incorrectly named. That error was corrected with the filing of an amended complaint, which is the operative pleading.

Lenson, the Human Resources Manager for the store in question, and alleged that she had also libeled and slandered Mr. Craig by repeating what she had been told by the three Brigadiers, as well as slandering the plaintiff by accusing him of an act of voyeurism.  The seventh count was directed against Giant Eagle, alleging that it had condoned and ratified the conduct of Ms. Lenson.  The complaint next contained two claims against a "John Doe" defendant, who was never identified.  The eleventh count was directed against Sue [sic] and David Brigadier and asserted a claim for tortious interference with the plaintiff's employment/contractual relationship with Giant Eagle by reason of the alleged libelous/slanderous allegations which had been made by them.  The next count was one directed against the "John Doe" defendant, and the final two counts were directed against all of the defendants and alleged civil conspiracies to defame and to tortiously interfere with the plaintiff's employment/contractual relationship.

On March 30, 2006 Judge Aldrich, considering a motion for summary judgment filed by Giant Eagle, not only granted that motion but entered judgment in favor of all of the defendants.  Of importance to this action was the following portions of Judge Aldrich's opinion:

> On June 24, 2004, [John] Brigadier lodged a complaint of sexual harassment against Craig.[2]  Giant Eagle authorities considered this complaint, along with several similar claims against Craig made by other employees, and on June 25, 2004, the company removed Craig's "Manager in Charge" title, without reduction in pay.  On June 30, 2004, a meeting was held between Craig, Human Resources Manager Jacquelyn Lenson, and Manager of Employee Relations Larane Hulsman.  The meeting did not proceed amicably (Craig reportedly walked out midway through), and Craig's employment was terminated shortly thereafter, for insubordination.
>
> On July 13, 2004, Craig filed a formal grievance against Giant Eagle, alleging that he was wrongfully discharged for seeking redress

---

[2] It appears that the charge stemmed from an incident in which Mr. Craig asked John Brigadier if he liked girls.  That offended Mr. Brigadier to the extent that he filed a complaint with Ms. Lenson.

3

against those making defamatory statements about him, and challenging various aspects of the company's process for handling sexual harassment claims. Craig demanded reinstatement and an award of lost wages. On July 27, 2004, Craig met with UFCW representatives and store management personnel for a grievance hearing. Following this meeting, Giant Eagle denied Craig's grievance, finding that he was terminated for just cause. Giant Eagle claims that the parties also "met again subsequently, and the Company again denied the grievance."

\* \* \*

On March 25, 2005, an arbitration hearing was held on Craig's appeal of the adverse decision(s) at the grievance stage. On June 22, 2005, arbitrator Patricia Thomas Bittel issued her post-hearing decision on the matter. The arbitrator ruled entirely in favor of Giant Eagle, finding that Craig was properly terminated for insubordination under the terms of the CBA, that Craig would not benefit from progressive discipline, and that Craig's version of events was not credible.

\* \* \*

Giant Eagle claims that no genuine issue of material fact remains on Craig's claims, owing to their preemption by the LMRA, and the final and binding decision of the arbitrator that Craig was terminated for just cause. In its May 23 order, the court agreed that "Craig's claims are all functionally equivalent to a claim for breach of the collective bargaining agreement, and therefore pre-empted by the LMRA[.]" Docket No. 20, at 3-4. "[R]esolution of Craig's claims of defamation, libel, slander, conspiracy, and tortious interference with contract and employment would require this court to analyze and interpret the provisions of the applicable CBA ...these claims are therefore pre-empted under LMRA." *Id*. at 4.

Since the court issued its opinion on federal jurisdiction last May, the arbitrator has issued an opinion which obviates the need for any further analysis or interpretation. Besides allowing the case to proceed in a federal court, complete LMRA preemption requires that the court enforce arbitration as Craig's exclusive venue for challenging his termination. As a member of UFCW, Craig is deemed to have bargained for a CBA provision allowing union representation in the grievance process, relinquishing in turn the right to challenge said process in federal court. As the Supreme Court has

4

consistently held,

> [w]hen the parties include an arbitration clause in their collective-bargaining agreement, they choose to have disputes concerning constructions of the contract resolved by an arbitrator. Unless the arbitral decision does not draw its essence from the collective bargaining agreement, a court is bound to enforce the award and is not entitled to review the merits of the contract dispute.

*W.R. Grace & Co. v. Local Union 759, Int'l Union of United Rubber*, 461 U.S. 757, 764 (1983)(quoting *Steelworkers v. Enterprise Wheel & Car Corp.*, 363 U.S. 593, 596 (1960)). "Subject to very limited judicial review, the employee will be bound by the result according to the finality provisions of the agreement." *Sparks v. International Union, United States Auto., Aerospace & Agricultural Implement Workers*, 980 F.2d 394, 398 (6th Cir. 1992)(citing *DelCostello v. Teamsters*, 462 U.S. 151, 164 (1983)).

In challenging the arbitral decision at issue here, Craig makes no allegation that could be read as an appeal to the "essence of the collective bargaining agreement." Nor does he endeavor to prove that the Union's conduct in representing him was sufficiently poor as to constitute a breach of duty of fair representation – an "indispensable predicate," *id*., to bringing the type of action a court may hear "notwithstanding the outcome of finality of the grievance or arbitration proceeding." *DelCostello*, 462 U.S. at 164.

Instead, Craig limits his opposition to repeating his arguments that remand is proper, and agitating for a reversal of the applicable Sixth Circuit precedent. Craig may well believe that "Several [of the Circuit's] conclusions of law" have been "in error," Plaintiff's Memorandum in Opposition at 7, but this court is bound by those conclusions nonetheless. The court also stands by its determination that the facts of Craig's case bear more than a passing resemblance to those in *DeCoe v. General Motors Corp.*, 32 F.3d 212 (6th Cir. 1994) and *Jones v. General Motors*, 939 F.2d 380 (6th Cir. 1991), cases in which the discharge plaintiffs raised claims such as defamation, tortious interference, and intentional infliction of emotional distress. The Sixth Circuit upheld the finding of preemption in those cases; the provisions of the LMRA must likewise govern the resolution of Craig's claims.

> Because Giant Eagle has successfully demonstrated that the arbitrator ruled in its favor, that the decision of the arbitrator was final, and that the provisions of both the LMRA and the relevant CBA require this court to enforce that decision against Craig, the company has carried its burden to show the absence of genuine issues of material fact concerning Craig's pre-empted claims.  By re-asserting his previous unsuccessful arguments, and failing to challenge the validity of the arbitration process in any respect, Craig has not carried his corresponding burden in response. Summary judgment is therefore appropriate on all of Craig's claims.

Mr. Craig appealed Judge Aldrich's decision to the Sixth Circuit Court of Appeals which, by way of an Order entered June 4, 2007, affirmed.  In so doing the panel ruled that all of Mr. Craig's state law claims, including those for libel and slander, were pre-empted by federal law, and specifically found that Judge Aldrich's reliance upon the arbitrator's determination that Mr. Craig had been terminated for just cause was proper.

On November 9, 2007 the United States Supreme Court denied a petition for writ of certiorari.

This Court has no hesitancy in concluding that Mr. Craig is precluded from maintaining his claims against Mr. and Mrs. Brigadier by virtue of Judge Aldrich having entered summary judgment in their favor in the action before her, regardless of whether they are or are not deemed claims for "personal injury tort," as well as by the arbitrator's decision that Mr. Craig was discharged for good cause.  In this Court's opinion this is a classic case for the application of the doctrine of <u>res judicata</u>.

It is, accordingly recommended that summary judgment be entered in favor of Mr. and Mrs. Brigadier in the adversary proceeding, and that final judgment be entered in their favor finding that the claim asserted against them by Mr. Craig in their bankruptcy proceeding is dischargeable.

                                            s/DAVID S. PERELMAN
                                            United States Magistrate Judge

DATE:   April 16, 2008

## OBJECTIONS

       Any objections to this Report and Recommended Decision must be filed with the Clerk of Courts within ten (10) days of receipt of this notice. Failure to file objections within the specified time waives the right to appeal the District Court's order. *See, United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). *See, also, Thomas v. Arn*, 474 U.S. 140 (1985), *reh'g denied*, 474 U.S. 1111 (1986).